[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11705
_____

D.C. Docket No. 2:08-cv-00655-AKK

CSX TRANSPORTATION, INC.,

Plaintiff-Appellant,

versus

ALABAMA DEPARTMENT OF REVENUE,
VERNON BARNETT,
Commissioner of the Alabama Department of Revenue

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

Before ED CARNES, Chief Judge, BLACK, Circuit Judge, and MAY,[*] District
Judge.

PER CURIAM:

_____

[*] Honorable Leigh Martin May, United States District Judge for the Northern District of
Georgia, sitting by designation.

CSX Transportation, Inc. (CSX) filed a petition for rehearing after we issued a substitute opinion granting the State's petition for rehearing. We issued that substitute opinion to clarify that the water carrier exemption from the sales and use tax applies only when those carriers purchase or use diesel fuel to ship freight interstate, as opposed to shipping it intrastate. See CSX Transp., Inc. v. Ala. Dep't of Revenue, 888 F.3d 1163 (11th Cir. 2018).

CSX worries that our substitute opinion may imprecisely describe the scope of the water carrier exemption. That exemption applies to diesel fuel used by water carriers "engaged in foreign or international commerce or in interstate commerce." Ala. Code §§ 40-32-4(a)(10), 40-23-62(3). CSX asserts that Alabama courts broadly interpret the phrase "engaged in interstate commerce," and that our substitute opinion may suggest that the scope of the exemption is more narrow by referring to exempted activity as, among other things, "haul[ing] freight interstate" or "transport[ing] freight interstate." E.g., CSX Transp., Inc., 888 F.3d at 1170–71, 1179, 1183, 1187.

We doubt that, but the State does not oppose CSX's petition. Instead, it filed a responsive motion to apprise the Court of a newly discovered fact that it says warrants granting CSX the relief it requests. In keeping with the finest tradition of the legal profession, the attorneys for the State disclosed in its motion that after successfully seeking rehearing, they learned that the Department of Revenue has

inconsistently applied the statutory language "engaged in interstate commerce" with respect to water carriers.  To avoid further inconsistencies, the State agrees with CSX that quoting the statutory language will help the district court fashion relief consistent with our opinion.

In light of CSX's petition and the State's motion, our substitute opinion is modified to add, immediately before the last paragraph on page 1187:

> As long as the State retains the sales and use tax exemption for diesel fuel used by water carriers "engaged in foreign or international commerce or in interstate commerce," Ala. Code §§ 40-23-4(a)(10), 40-23-62(3), the 4-R Act forbids it from imposing the sales and use tax on diesel fuel used by rail carriers "engaged in foreign or international commerce or in interstate commerce."  Our opinion should be read with that imperative in mind.

The petition for rehearing is otherwise **DENIED**.